Callahan, J.
This is an action for declaratory judgment brought by the plaintiffs (hereinafter sometimes called the landlord) against a tenant and various subtenants to determine their rights and obligations with respect to business premises in the city of New York.
In 1939, the landlord leased to the tenant Interborough News Company (hereinafter called Interborough) certain business space in a subway arcade for a term of ten years at a rental of $20,885 per year, plus a percentage of any increase in taxes. The tenant partitioned the demised premises and entered into six subleases for approximately 85% of the space. The rentals paid by the subtenants aggregated about $8,000 per annum. The main lease expired on June 30, 1949, and Interborough gave written notice of its intention not to renew the same. After paying the last installment of rent under its lease and without default in any other respect, Interborough removed from that part of the premises retained for its own occupancy and demanded return of its security of $20,000.
*99 The subtenants, however, refused to vacate their space and claimed the protection of the emergency rent law (L. 1945, ch. 314, as amd.) Although the record does not disclose whether all of the subtenants were in possession on June 1, 1944, it does show that some were in occupancy at that time. Apparently most of the subleases provided a fixed rent, but at least one of them appears to involve an agreement to pay a percentage rent with a fixed minimum.
The main lease contained, inter alia, covenants obligating Interborough to furnish public liability and plate glass insurance, to clean, repair and police the premises, and to deposit security. No similar covenants are found in the subleases.
The plaintiffs moved for judgment on the pleadings to declare the rights of the parties as of September 7, 1949. The Special Term directed final judgment in favor of Interborough, declaring that it had performed all its obligations under the main lease and had properly vacated and surrendered the premises, although its subtenants had remained in possession It was accordingly held that the tenant was entitled to tht return of its $20,000 deposit.
An interlocutory judgment was entered in favor of the subtenants, which declared that they had legal possession of the space occupied by them and had become “ tenants of plaintiffs ”. It was found that the rent payable by the respective subtenants was the rent of their space on June 1, 1944, plus 15%. The interlocutory judgment then provided that the action was to be deemed an application by the landlord under section 4 of the statute for the determination of a reasonable rent to be paid by the subtenants, and directed a trial of specified issues that may be summarized as follows: (1) the fair rental value and reasonable rent of the various subdivided spaces; (2) the value of any services rendered by the landlord to the subtenants and the proper apportionment thereof; and (3) whether the subtenants may be required to deposit any security and the amount thereof. The interlocutory judgment also held that the subtenants had become “ tenants of plaintiffs ” as landlord, and that the latter was required to render such services to each subtenant as the trial court might find essential.
We find the final judgment correct and affirm its provisions in all respects, insofar as it relates to Interborongh. Since the passage of the emergency rent laws a holding over by sublessees does not impose liability on a main lessee. The latter is without power to remove the subtenants because of the protection *100 afforded the latter by the statute. On the other hand, however, neither is the right of the main tenant to surrender at the end of his term affected by the statute. (See Hall Realty Co. v. V. A. C. Corp., 275 App. Div. 213, affd. 301 N. Y. 526.)
We are also in accord with those provisions of the interlocutory judgment recognizing the right of the sublessees to possession and fixing the amount of rent to be paid by them up to the time of final judgment. There has been no attempt by the landlord to oust the sublessees or to seek an apportionment of the main tenant’s rent as against them. It is enough to hold that the subtenants are statutory tenants without holding that they are “ tenants of plaintiffs ”.
We deem, however, that it was unwarranted under the pleadings to treat the action as one to fix an increased rental and direct the trial of the other issues. Though this procedure might seem to afford a short cut to settle the differences of the parties, no relief under section 4 of the statute had been sought by any of the parties. If the fixation of rent in excess of the emergency rent is desired by the plaintiffs, they are required to institute separate and appropriate proceedings for such relief.
It would seem unnecessary for this court to pass upon the terms of the statutory occupancy of the subtenants other than the amount of rent payable. In the first place, no such relief was sought or attempted to be provided by the then existing statutes at the time of commencement of this action. Secondly, by reason of the lapse of time and the passage of new laws the question of the terms that might have applied between these parties has become moot. As of April 1, 1950, an act of 'the Legislature (L. 1950, ch. 326) materially altered the status and rights of sublessees. Prior to adoption of this amendment, the law simply provided that sublessees were deemed statutory tenants and had the rights and obligations of such tenants, including the obligation to pay emergency rents (Tighe v. Sinclair Refining Co., 274 App. Div. 22). After April 1, 1950, the amended statute created a new method for determining the relations between owners and sublessees in possession upon surrender by the main tenant. (See L. 1950, ch. 326, § 4, subd. 4.) If any of these provisions of the new legislation are now or may hereafter become applicable to these sublessees, (which may depend, inter alia, upon an election and a tender of a lease by the landlord and its acceptance or rejection by the subtenants) a further action or proceeding may be brought for the purpose of declaring or enforcing the rights of the *101 parties. In addition, the plaintiffs may pursue their legal remedies to collect any rent due.
Accordingly, it is sufficient at this time to hold that final judgment should be entered declaring the subtenants to be lawfully in possession of their respective space as statutory tenants. Such judgment should further declare that up to the time of the motion for judgment in this case the rent payable by the subtenants was the rent paid by them or such other persons actually occupying their subdivided space for business purposes on June 1, 1944, plus 15%. Where the occupant was required to pay a percentage of income, or where there was no occupancy of the space of a particular subtenant for business use on such date, the provisions of the statute relating to fixation of rent under such circumstances should be applied to determine the rent payable in each instance.
The final and interlocutory judgments should be modified in accordance with this opinion, and as so modified, affirmed. Settle order on notice.
Peck, P. J., Dore, Van Voorhis and Shientag, JJ., concur.
Pinal and interlocutory judgments unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. And the plaintiffs, pursuant to leave granted by order of this court entered herein on April 25, 1950, having, on the argument of plaintiffs’ appeal on April 27, 1950, orally renewed their motion to dismiss the appeals taken by the defendant, the same hereby is granted. Settle order on notice.